UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ABRAHAM PRODUCE CORP.,

                      Plaintiff,

  -against-

MBS BROTHERS INC. t/a BIG TREE MARKET
and YOUNG CHUL AHN,

                      Defendants.
-------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

19-CV-2638 (NGG) (ST)

**TISCIONE, United States Magistrate Judge:**

      Plaintiff Abraham Produce Corp. ("Abraham Produce") filed this suit against Defendants MBS Brothers Inc. trading as Big Tree Market ("Big Tree") and Young Chul Ahn ("Ahn"), asserting claims under Section 5(c) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA") and claims for breach of contract and failure to pay for goods sold. *See* Compl., ECF No. 1. Plaintiff alleges that Defendants failed to maintain sufficient assets in a statutory trust to pay Plaintiff for wholesale quantities of produce that were sold by Plaintiff and accepted by Defendants. Compl. ¶¶ 8, 11. The Clerk of Court entered default after the Defendants failed to respond in any fashion to the Complaint. I respectfully recommend that Plaintiff's Motion for Default Judgment be DENIED and the case be DISMISSED for lack of subject-matter jurisdiction.

    A. **Factual Background**

      The following facts are drawn from the plaintiff's complaint and are accepted as true for purposes of deciding this motion. Abraham Produce is a buyer and seller of produce and is based in the Bronx, New York. Compl. ¶ 3. Defendant Big Tree is a buyer of produce for retail sale and is based in Brooklyn, New York; Ahn is one of its principal officers, directors, or shareholders. Compl. ¶¶ 4, 5.

      From June 11, 2018 to November 21, 2018, Abraham Produce sold and delivered to

Defendants produce with a total value of approximately $180,000. Compl. ¶ 7. Defendants accepted the produce and tendered partial payment for it. Compl. ¶ 8. Despite repeated demands, Defendants have failed to make full payments on the amount due. Compl. ¶ 8. Plaintiff alleges that Defendants owe the principal amount of $27,104.02. Compl. ¶ 8.

Plaintiff believes that, under PACA, it is the beneficiary of a statutory trust created by its sale to Big Tree. Compl. ¶ 9. Because Defendants allegedly breached its obligation by dissipating trust assets, Plaintiff argues that it is entitled to judgment in the amount of the debt. Plaintiff further argues that it is entitled to recover from Ahn in his individual capacity because of his failure to direct Big Tree to maintain PACA trust assets. Compl. ¶¶ 20–24 (stating allegations relating to Plaintiff's third cause of action).

Plaintiff filed this action on May 5, 2019. *See* Compl. A process server duly executed service of the summons and complaint on Ahn on May 10, 2019 and on MBS Brothers Inc. (Big Tree's registered name) on May 13, 2019. *See* Summonses Returned Executed, ECF Nos. 5 & 6. Neither defendant has filed anything in the case. On July 17, 2019, Plaintiff filed a Motion for Default Judgment. *See* Mot. Default J., ECF No. 10. That Motion was referred to me by the Honorable Nicholas G. Garaufis on July 25, 2019 for a Report and Recommendation. *See* Order Referring Mot.

### B. Applicable Law

A defending party who fails to adequately respond to a complaint risks default. Courts are directed to engage in a two-step process for the entry of a judgment against a party who fails to defend: first, the Clerk of Court enters default, and second, a judgment is entered on the default. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). Rule 55(a) of the Federal Rule of Civil Procedure sets forth the first step as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). While a "typical" default is entered "because a defendant failed to file a timely answer[,] . . . a district court is also empowered to enter a default against a defendant that

has failed to 'otherwise defend.'" *Mickalis Pawn Shop*, 645 F.3d at 129 (citing Fed. R. Civ. P. 55(a)) (other citation and bracket omitted).

When a court enters a default judgment, it "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled . . . ." *Id.* at 128. Simply because the Clerk enters a default, however, does not entitle the plaintiff to a default judgment. *See Scottsdale Ins. Co. v. Priscilla Properties*, LLC, 254 F. Supp. 3d 476, 484 (E.D.N.Y. 2017). A default judgment should be considered only as a "last resort." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir.1981)). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

Defendants were duly served, *see* Fed. R. Civ. P. 4(e)(2)(B), (h)(1)(B), and have been on actual notice of the litigation for approximately nine months. Nonetheless, they have consistently failed to participate in this case despite repeated opportunities to do so. Accordingly, upon a demonstration of liability, the entry of judgment by default would be warranted. As set forth below, however, the Court finds that the Complaint does not set forth allegations supporting a valid claim under PACA.

**C. Analysis**

Following the Clerk's entry of default, this court considers as true all factual allegations in Plaintiff's Complaint relating to liability. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). But the court still must determine whether the factual allegations, taken as true, establish the defendant's liability as a matter of law. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (following entry of default, the court is "required to determine whether the [plaintiff's] allegations establish [defendant's] liability as a matter of law").

3

Plaintiff alleges that Defendants have violated section 5(c) of PACA. *See* Compl. ¶ 6. Section 5(c) was added in 1984 to provide greater security for sellers by requiring dealers to hold perishable commodities and sales proceeds in trust for the benefit of unpaid sellers. *See Am. Banana Co. v. Republic Nat. Bank of N.Y., N.A.*, 362 F.3d 33, 37 (2d Cir. 2004) (discussing history of PACA). Section 5(c), codified at 7 U.S.C. § 499e, states:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents. Payment shall not be considered to have been made if the supplier, seller, or agent receives a payment instrument which is dishonored.

7 U.S.C. § 499e(c)(2).

To establish a violation of § 499e(c), a plaintiff must show:

> (1) The commodities sold were perishable agricultural commodities; (2) the purchaser of the perishable agricultural commodities was a commission merchant, dealer or broker; (3) the transaction occurred in interstate or foreign commerce; (4) the seller has not received full payment on the transaction; and (5) the seller preserved its trust rights by giving written notice to the purchaser within the time provided by law.

*New Son Yeng Produce N.Y. LLC v. New A & N Food Mkt., Inc.*, No. 13-CV-5012 (RJD) (VVP), 2014 WL 3725874, at *4 (E.D.N.Y. July 25, 2014) (quoting *A & J Produce Corp. v. Change*, 385 F. Supp. 2d 354, 358 (S.D.N.Y. Apr. 4, 2005)). A plaintiff suing under PACA may also seek to establish personal liability by showing a breach of fiduciary duty by "[a]n individual who is in a position to control the assets of PACA trust and fails to preserve them[.]" *Id.* (quoting *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705–06 (2d Cir. 2007)).

Accepting Plaintiff's factual allegations as true, this Court finds that Plaintiff has not alleged a claim under PACA because it has not shown that Big Tree was a "commission merchant, dealer or broker" during the relevant time period. This Court finds that Plaintiff has not established that Big Tree was a dealer, subject to PACA, for at least three reasons: (1) there

4

is no evidence that Big Tree was dealing in wholesale or jobbing quantities totaling one ton or more in weight; (2) the total invoice cost of purchases for the entire period in question is less than $230,000; and (3) Defendant was not licensed under PACA.

In order to establish liability under PACA, a plaintiff must show that a defendant is a "commission merchant, dealer or broker." *See* 7 U.S.C. § 499e(c). PACA defines a "dealer" as "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." 7 U.S.C. § 499a(b)(6).[1] "'Wholesale or jobbing quantities' are 'aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received.'" *A & J Produce Corp. v. Chang*, 385 F. Supp. 2d 354, 360 (S.D.N.Y. 2005) (quoting 7 C.F.R. § 46.2(x)).

Plaintiff does not meet its initial burden of showing that Big Tree is engaged in the business of buying wholesale or jobbing quantities. Plaintiff does not offer any evidence about the weight of its produce deliveries. In *Bandwagon Brokerage, Inc. v. Mafolie Foods Co.*, 168 F. Supp. 2d 506, 510 (D.V.I. 2001), the district court dismissed a PACA action where the Plaintiff "provided no evidence that the transactions in question met the 'wholesale or jobbing quantities' requirement[.]" *Id.* at 510; *see also A & J Produce Corp.*, 385 F. Supp. 2d at 360 (citing *Bandwagon Brokerage* and dismissing for lack of jurisdiction where Plaintiff failed to allege any evidence to meet the "wholesale or jobbing quantities" requirement). As in *Bandwagon Brokerage* and *A & J Produce*, in this case the Plaintiff has not met its burden of showing that Big Tree is a dealer because it has not offered any evidence to show that it meets the "wholesale

---

[1] It is clear that Big Tree is not a "commission merchant" or a "broker." A "commission merchant" is defined as "any person engaged in the business of receiving in interstate or foreign commerce any perishable agricultural commodity for sale, on commission, or for or on behalf of another." 7 U.S.C. § 499a(b)(5). There is no allegation that Big Tree accepted the shipment of produce as part of an arrangement where the produce would be sold on commission or on behalf of a third-party entity. A "broker" is "any person engaged in the business of negotiating sales and purchases of any perishable agricultural commodity in interstate or foreign commerce for or on behalf of the vendor or the purchaser[.]" 7 U.S.C. § 499a(b)(7). Like before, there is no allegation that Big Tree negotiated produce shipments on behalf of another. Instead, Plaintiff alleged that Big Tree [was] engaged in the business of buying . . . produce . . . for sale at retail . . . ." Compl. ¶ 4.

5

or jobbing quantities" requirement.

Even if Plaintiff had alleged "wholesale or jobbing quantities" sufficient to meet its initial burden of showing that Big Tree was a "dealer," it still fails to show why Big Tree is not subject to the exception for unlicensed retail dealers doing business in a total amount of less than $230,000. PACA's definition of a "dealer" is subject to 3 exceptions, and the exception listed under clause (B) applies here: "no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000[.]"[2]  7 U.S.C. § 499a(b)(6)(B). Plaintiff states in its Complaint, and re-affirms in its Declaration in Support of Default Judgment, "Plaintiff sold and delivered to Defendants wholesale quantities of produce . . . having an aggregate value of approximately $180,000.00." Compl. ¶ 7; *see also* Chun Decl. ¶ 11 ("Plaintiff sold Defendants approximately $180,000.00 of produce within a six month period . . . ."). There is no evidence that Defendants total invoice costs during a calendar year exceeded $230,000, which is required for PACA to apply to an unlicensed buyer. *See Bandwagon Brokerage*, 168 F. Supp. 2d at 510 ("[E]xception 499a(b)(6)(B) merely excludes a person who buys in wholesale or jobbing lots and whose invoice costs during any calendar year do not exceed $230,000.").

PACA also contains an exclusion to clause (B) that applies PACA to *licensed* retail buyers irrespective of the total amount of their purchases in a calendar year. *See* 7 U.S.C. § 499a(b)(6) ("Any person not considered as a 'dealer' under clause[] . . . (B) . . . may elect to secure a license under the provisions of section 499c of this title, and in such case and while the license is in effect such person shall be considered as a 'dealer.'"). This exception does not apply (again, assuming that the "wholesale or jobbing quantities" prong had been met) because Plaintiff concedes that "Big Tree never obtained a PACA license." Chun Decl. ¶ 11.

---

[2]  This Court has every indication that Big Tree was engaged in the business of buying produce exclusively for retail sale, which means that clause (B) applies as an exception. *See* Compl. ¶ 4 ("Defendant Big Tree . . . [was] engaged in the business of buying . . . produce . . . for sale at retail . . . .").

6

As a result, since PACA only imposes liability upon commission merchants, dealers, and brokers, and since Big Tree is none of the prior, this Court lacks subject matter jurisdiction over Plaintiff's claims against Big Tree and Ahn. *See A & J Produce Corp.*, 385 F. Supp. 2d at 360 (dismissing for lack of subject matter jurisdiction where defendant was not a commission merchant, dealer, or broker); *Bandwagon Brokerage, Inc.*, 168 F. Supp. 2d at 510 (same).[3]

### D. Conclusion

This Court respectfully recommends that Plaintiff's Motion for Default Judgment be DENIED and Plaintiff's claims against Defendants be DISMISSED for lack of subject matter jurisdiction. Counsel for Plaintiff shall immediately forward a copy of this Report and Recommendation to Defendants and file proof of service with this Court.

### E. Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

---

[3] This Court respectfully recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract and failure to pay for goods sold. *See Jacob's Vill. Farm Corp. v. Yusifov*, No. 14-CV-4109 (PKC), 2015 WL 5693706, at *10 (E.D.N.Y. Sept. 28, 2015) ("Plaintiffs' PACA claims are dismissed for failure to state a claim under FRCP 12(b)(6), and the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims."). This Court recommends dismissing those state law claims without prejudice to refiling them in state court. *See id.* (citing *Oneida Indian Nation of New York v. Madison Cty.*, 665 F.3d 408, 439–40 (2d Cir. 2011)).

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
       February 28, 2020